UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUKHWANT SINGH,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-05176-DAD-CSK (HC)

ORDER GRANTING *HABEAS CORPUS* PETITION AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On July 6, 2026, petitioner, an immigration detainee proceeding *pro se,* filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"), as well as a motion for a temporary restraining order ("TRO"). (Doc. Nos. 1, 2.) Therein, petitioner alleges he is a native of India. (Doc. No. 2 at 2.) He has lived in the United States since 2023. (*Id.*) He was previously released by immigration officials on his own recognizance after encountering custom border protection agents and has a petition for asylum/withholding of removal currently pending. (Doc. No. 1 ¶ 13.) He was re-detained by immigration authorities on April 15, 2026. (*Id.* ¶ 11.) Petitioner seeks his immediate release. (Doc. No. 1 at 8 ¶ 15.)

On July 7, 2026, the court set a briefing schedule as to petitioner's motion for a TRO and directed respondent to address whether any provision of law or fact in this case would distinguish

it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In that same order, the court directed that if respondent opposed the court ruling on the underlying *habeas* petition based on the current briefing before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On July 9, 2026, respondent filed a combined response to the *habeas* petition and opposition to the motion for a TRO. (Doc. No. 6.) Therein, respondent argues that petitioner is detained pursuant to 8 U.S.C. § 1225(b) (Doc. 6 at 1), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondent concedes that there does not appear to material differences between this case and most of those cited in the court's July 7, 2026 order. (Doc. No. 6 at 1.) Respondent has not disputed any of the facts that petitioner alleges in his *habeas* petition, nor has it argued that petitioner is a danger to the community or a flight risk. Further, respondent states that it does not object to the court ruling on petitioner's *habeas* petition based upon the briefing currently before the court (*id.*), and the court will do so.

Considering the statement that petitioner makes that he was previously released by immigration officials (which respondent does not contest), the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention absent a pre-deprivation hearing violated due process. Accordingly, the court will grant petitioner's *habeas* petition.

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Sukhwant Singh, A-File No. 246-005-396, from respondent's custody on the same conditions, if any, he was subject to prior to his detention on or about April 15, 2026

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence that he is a flight risk or a danger to the community;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him *habeas* relief;

3. The Clerk of the Court is directed to serve a copy of this order on the warden of the California City Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **July 14, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE